**Milford E. HENSLEY et al., Plaintiffs,**

v.

**Jack E. LOVE et al., Defendants.**

**Civ. A. No. 69–35.**

United States District Court

N. D. Alabama, S. D.

March 12, 1969.

A. Berkowitz J. Vernon Patrick, Jr., and Howard P. Walthall, Berkowitz, Lefkovits, Vann & Patrick, Birmingham, Ala., for plaintiffs.

Truman Hobbs, Hobbs, Copeland, Franco, Riggs & Screws, B. M. Waller, Crenshaw & Waller, Montgomery, Ala., John P. Frank, Lewis, Roca, Beachamp

& Linton, Phoenix, Ariz., Alan W. Held-man, Deramus & Johnston, Birmingham, Ala., Eugene J. Pitman, DeLange, Hudspeth, Pittman & Katz, Houston, Tex., Hobart A. McWhorter, Jr., Bradley, Arant, Rose & White, Birmingham, Ala., for defendants.

## ORDER

GROOMS, District Judge.

This matter came on to be heard on various motions filed on behalf of defendant Robert E. Wilder and on behalf of all other defendants in this action, except Claude Shell, L. E. Cowling, R. L. Cowling, R. E. Cowling, Mrs. Strube, and the Cowling Family Trust. After hearing oral argument thereon, and being advised in the premises, the Court hereby orders, adjudges and decrees as follows:

1. The motion of defendant Wilder to dismiss is hereby denied.

2. The motions filed by the other defendants, with the exception of Shell and the Cowlings, to dismiss are based principally upon the argument that deceit is requisite to the maintenance of a Rule 10(b)5 action, and that the complaint fails to allege sufficiently the requisite deceit, under the authority of O'Neill v. Maytag, 339 F.2d 764, 767–768 (2d Cir. 1964), and Birnbaum v. Newport Steel Corp., 193 F.2d 461, 463–464 (2d Cir. 1952). However, in view of the reach of the decision in Securities & Exchange Commissions v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 84 S.Ct. 275, 11 L.Ed.2d 237 (1963), construing "fraud or deceit" as employed in the Investment Advisers Act of 1940, and the recent en banc decision of the United States Court of Appeals for the Second Circuit in Schoenbaum v. Firstbrook, 405 F.2d 215 (Dec. 30, 1968), the averments in the particular challenged are sufficient. See also, Ruckle v. Roto American Corp., 339 F.2d 24, 29 (2d Cir. 1964); Hooper v. Mountain States Sec. Corp., 282 F.2d 195 (5th Cir. 1960), cert. denied, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961).

3. Defendants' motions to dismiss are each denied and said defendants will answer the complaint within twenty days.